# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. CV 02-7562-GAF (CWx)                    Date: January 3, 2003

Title: Alcott v. Dollar Tree, Inc.

ENTERED
JAN -7 2003
CENTRAL DISTRICT OF CALIFORNIA
BY

## The Honorable Gary Allen Feess, Judge

| Marilynn Morris | None Present |
|---|---|
| Courtroom Deputy Clerk | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFF:**
None Present

**ATTORNEYS PRESENT FOR DEFENDANT:**
None Present

**PROCEEDINGS:  (In Chambers)**

### REMAND FOR LACK OF JURISDICTION

The Court has reviewed Defendant Dollar Tree Stores, Inc.'s ("Dollar Tree") response to the Court's November 26, 2002 Order to Show Cause ("OSC") why this case should not be remanded to state court for lack of subject matter jurisdiction based on the fact that it did not appear there was any possibility that damages could reach or exceed $75,000.  The Court finds that Dollar Tree has not met its burden to show that this case meets the jurisdictional minimum and, for reasons more fully discussed below, therefore **REMANDS** this case to San Bernardino Superior Court.

A federal court may exercise removal jurisdiction over a case only if jurisdiction existed over the suit as originally brought by the plaintiff.  28 U.S.C. § 1441(a).  As the removing party invoking the court's diversity jurisdiction, the defendant "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount;" there is a strong presumption against removal jurisdiction.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Where the complaint does not allege a specific amount of damages, the removing defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum.  See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).  "While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury."  Surber v. Reliance Nat'l Indem. Co., 110 F. Supp. 2d 1227, 1231 (N.D. Cal. 2000) (finding plaintiff's statement of damages unconvincing and that defendant had failed to submit evidence that in cases involving analogous facts plaintiffs had been awarded punitive damages and so had not met its burden).  Moreover, to establish probable punitive damages, a defendant invoking diversity jurisdiction should introduce evidence of jury verdicts in cases with analogous facts.  See id. at 1232.

The Court has reviewed the scheduling conference statement, which indicates that this lawsuit – which allegedly involves wrongful termination – involves the plaintiff's employment by defendant for a period of *four days.*  Based on that fact, and the other information contained in the scheduling

MINUTES FORM 11
CIVIL--GEN                    -1-                    Initials of Courtroom Deputy Clerk

*10*

conference statement, it does not appear that there is any possibility that the damages in this case could reach $75,000.  See id.  Moreover, Defendants have not met their burden of showing that in analogous cases, Plaintiffs have recovered the jurisdictional minimum.  See id. at 1232.

Accordingly, the Court orders this case **REMANDED** to San Bernardino Superior Court.

**IT IS SO ORDERED.**